UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

BODEGA BAY SUNSET PROPERTY LLC,   No. 01-11600

                              Debtor(s).
_____/

BODEGA BAY SUNSET PROPERTY LLC,

                              Plaintiff(s),

      v.                                                                    A.P. No. 05-1070

STEVEN BECK,

                              Defendant(s).
_____/

Memorandum After Trial
_____

      Plaintiff and Chapter 11 debtor Bodega Bay Sunset Properties LLC (hereafter "BBSP") is a real estate developer. In the early stages of the development of property in Bodega Bay, California, defendant Steven Beck was a co-developer. In 1998, the development was placed solely in BBSP's name and Beck was given an option to purchase a portion of the development at a later date. The option required Beck to pay $182,220.00 cash, receipt of which was acknowledged, and to make quarterly payments of $7,193.55 during the continuance of the option.

1

The option provided that it terminated automatically on September 1, 1999, if a final subdivision may was not recorded by then. It provided that upon termination Beck was entitled to return of the $182,220.00 and the quarterly payments. It also contained a term requiring any modification to be in a writing executed by the parties.

Beck never made any quarterly payments. However, in February, 1999, BBSP's authorized representative, Robert Skinner, send Beck a signed fax stating that "We will forget the quarterly payments if you will please sign the 'subordination agreement' at First American Title Company . . . ."

A final subdivision map was not recorded by the automatic termination date. On December 21, 1999, Beck's attorney sent BBSP a demand letter declaring that the option had terminated and making demand for the $182,220.00. However, subsequent negotiations between the parties resulted in a written agreement on January 25, 2000, that the option agreement "is in full force and effect until recordation of final map for Subdivision."[1]

The development was long-delayed by a lawsuit brought by citizens trying to stop it. On June 6, 2001, BBSP filed its Chapter 11 petition. It confirmed a plan of reorganization on July 1, 2002.[2] However, the lawsuit delayed recordation of the final map until 2006. The map has now been recorded, and BBSP filed this adversary proceeding seeking a determination of Beck's rights.

The court sees no basis for BBSP's argument that the option is no longer in effect. Although it expired by its terms on September 1, 1999, it was revived by the January 25, 2000, agreement. This agreement was fully supported by consideration, in that in return for recognizing the option BBSP was relieved of the obligation to return the $182,220.00 to Beck.

---

[1] All the court has to document this agreement is a copy of a fax which is a little strange in some details. However, it has been introduced as evidence by both sides and there is no basis for the court to discount it in any way.

[2] The plan provided for assumption of the "Contract to purchase with Stephen Boeck," which appears to refer to Steven Beck and the option agreement. While BBSP makes a half-hearted argument that Beck's rights were changed by the plan, it produced no evidence of this. BBSP is certainly judicially estopped from arguing, at this late date, that its agreement with Beck was not an assumable contract.

2

Beck agreed to sign a subordination agreement in return for waiver of his obligation to waive quarterly payments. BBSP has argued but not proved that Beck was already obligated to sign the subordination, so its argument that there was no consideration fails. There is no basis for BBSP's argument that the person who signed the waiver, Robert Skinner, was not authorized to do so; he clearly was so authorized.

There is ambiguity as to whether the waiver of the quarterly fees was for those that had already accrued or all quarterly fees. To resolve this ambiguity, the court looks to extrinsic evidence. This evidence includes the following:

1. BBSP never made any demand for any quarterly payment.

2. BBSP never scheduled any right to payment from Beck in its bankruptcy papers.

3. In negotiating a formal extension agreement (which was never executed), BBSP asked for modification of some terms but not one which read:

> BBSP acknowledges that it heretofore forgave the quarterly option payments required by paragraph 3(b) of the Agreement (reference FAX from Skinner to Back dated February 10, 1999) in consideration of Beck's execution of the subordination Agreement referred to therein.

The court concludes from this evidence that the waiver was of all quarterly fees.

For the foregoing reasons, BBSP will take nothing by its complaint and Beck will be entitled to a judgment that he had a valid and binding option in 2006 when a final subdivision map was recorded and that his obligation to pay quarterly fees was waived.

The court notes that Beck seeks recovery of his attorney's fees for defending this action. However, the agreement provides for recovery of attorney's fees only in the event of arbitration and only for fees incurred in the arbitration and any court proceeding related to such arbitration. Since the dispute was not arbitrated, there is no right to attorney's fees. Beck shall recover his other costs of suit.

This memorandum constitutes the court's findings and conclusions pursuant to FRCP 52(a) and FRBP 7052. Counsel for Beck shall submit an appropriate form of judgment forthwith.

3

1 | Dated: October 15, 2006

_____
Alan Jaroslovsky
U.S. Bankruptcy Judge

4